UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ABRAHAME DESTA,

    Plaintiff,

-vs-                                      CASE NO.:

EXPERIAN INFORMATION
SOLUTIONS, INC.

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, Abrahame Desta (hereinafter "Plaintiff"), sues Defendant, Experian Information Solutions, Inc. (hereinafter "Experian"), in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

**PRELIMINARY STATEMENT**

    1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA, which imposes several important requirements on consumer reporting agencies, such as Experian, that sell employment-related consumer reports.

    2.    Separately, the FCRA imposes numerous requirements on consumer reporting agencies ("CRA") like Defendant that apply in every context. One such requirement is that CRAs provide consumers with all the information the CRA possesses about a consumer at the time the consumer requests that information. This is commonly known as a file disclosure, and the FCRA demand that it includes not only all information,

1

but also the sources of the information in the consumer's file, and comprehensive list of everyone, including end users, to whom the CRA has provided a report about the consumer. 15 U.S.C. § 1681g(a)(1)– (3).

3. Experian is a consumer reporting agency ("CRA") as defined by FCRA.

4. Experian obtains consumer information bearing on consumers' character, general reputation, personal characteristics and mode of living.

5. Experian sells consumer reports to customers throughout the country, using facilities of interstate commerce to transmit such reports, including but not limited to electronic transmission.

6. Plaintiff was a victim of an inaccurate consumer report prepared by Experian which damages Plaintiff's credit score and credit profile.

## JURISDICTION

7. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

8. The Plaintiff is a natural person and resident of Hillsborough County in the State of Florida. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and Experian transacts business within this District.

10. Upon information and belief, Experian is a corporation with its principal place of business located at 475 Anton Blvd, Costa Mesa, CA 92626 and authorized to do

business in the State of Florida through its registered agent, CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

11.     Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), that compiles, sells, furnishes, and uses consumer reports and services throughout the United States.

## **FACTUAL ALLEGATIONS**

12.     Plaintiff is a victim of identity theft whereby an unknown thief or thieves have used Plaintiff's personal identifying information to open up credit accounts with several financial institutions, including but not limited to (non-parties) Wells Fargo Bank, Credit First, Bank of America, Discover and Chase Bank.

13.     Plaintiff found out that these fraudulent accounts were appearing on his credit report and that Experian was reporting derogatory information about these accounts allegedly belonging to Plaintiff.

14.     Plaintiff began a campaign of disputing these accounts with Experian approximately two years ago by filing disputes with Experian via written letters through the mail and calling and speaking with agents of Experian over the phone.

15.     On several occasions after allegedly conducting an investigation into Plaintiff's dispute, Experian responded to Plaintiff's disputes by "verifying as accurate" the fraudulent accounts.

16.     Upon receiving news of the verification of the fraudulent accounts, Plaintiff would call Experian and speak to their agents. He would explain again that they are

fraudulent and that he filed an FTC ID theft report, but Experian's representatives would merely say the accounts were verified and that they could not provide information to back up Experian's verification.

17. On at least one occasion, Experian responded to Plaintiff's dispute by removing the fraudulent accounts from Plaintiff's credit file after making a finding that the accounts are indeed fraudulent.

18. In or around October of 2022, Plaintiff was denied credit after a potential lender checked his Experian credit file and saw that Plaintiff had a low credit score due to the fraudulent accounts appearing on his Experian credit file.

19. But for the fraudulent accounts appearing on his Experian credit file Plaintiff has otherwise immaculate credit history.

20. Due to the actions and/or inactions of the Defendant Plaintiff has suffered from unnecessary and unwanted stress, anger, worry, embarrassment, frustration, fear, anxiety, and sleeplessness.

21. Due to the actions and/or inactions of the Defendant Plaintiff has suffered from a diminished credit score.

22. Due to the actions and/or inactions of the Defendant Plaintiff has suffered from at least one denial of credit.

## COUNT I

23. Plaintiff re-alleges and reincorporate paragraphs one through twenty-three (23) above.

24. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff. Clearly Experian found that the accounts were fraudulent yet shockingly reinserted them on to Plaintif's credit file anyway. Experian allowed Credit First, Wells Fargo, Bank of America, and Chase Bank to report inaccurate information about Plaintiff via his Experian credit file.

25. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of employment opportunity and the mental and emotional pain stemming from the anguish, humiliation, and the damages otherwise outlined within this Complaint.

26. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding Plaintiff.

27. As a result of this conduct by Experian, Plaintiff suffered actual damages, including without limitation a denial of credit and emotional and mental distress.

28. Defendant's violations of 15 U.S.C. § 1681e(b) were reckless or willful, rendering Defendant liable pursuant to 15 U.S.C. § 1681n.

29. In the alternative, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

30. Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorneys' fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against Experian to Plaintiff, award Plaintiff his attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

## **COUNT II**

31.     Plaintiff re-alleges and reincorporates paragraphs one through twenty-three (23) above.

32.     Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable.

33.     Experian's conduct, action, and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

34.     In the alternative, Experian was negligent and Plaintiff is entitled to recover under 15 USC § 1681o.

35.     Experian took no independent action to investigate the disputes Plaintiff sent on multiple occasions. Experian received all the necessary proof it needed to delete the accounts from Plaintiff's credit file from Plaintiff but chose to simply follow the

instructions of its customers like Wells Fargo, Chase Bank, Credit First, and Bank of America instead of conducting a real investigation.

36. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, Experian, jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

DATED this 8th day of March 2023.

/s/ Frank H. Kerney, III_____
Frank H. Kerney, III, Esquire
Florida Bar No.: 88672
The Consumer Lawyers, PLLC
412 E. Madison St., Suite 916
Tampa, FL 33602
Telephone: 813-951-8278
Facsimile: 844-951-3933
frank@theconsumerlawyers.com
jason@theconsumerlawyers.com
*Counsel for Plaintiff*